FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANS

MAR 02 2001

JAMES W. McCORMACK, CLE
By: _____
DEP.CL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

KIMBERLY GRIGGS                                               PLAINTIFF

VS.                    NO. 3:01CV00069 GH

RONALD SMITH, M.D., Individually,
and JOHN WILLIAMS, M.D., Individually,
d/b/a SMITH & WILLIAMS CLINIC                                 DEFENDANTS

This case assigned to District Judge Howard
and to Magistrate Judge _____

## COMPLAINT

Comes the Plaintiff herein, Kimberly Griggs, and for her cause of action against the Defendants herein, Ronald Smith, M.D. and John Williams, M.D., individually, states and alleges as follows:

1.   That Plaintiff, Kimberly Griggs, is a citizen and resident of Osceola, Mississippi County, Arkansas.

2.   That Defendants, Ronald Smith, M.D. and John Williams, M.D., are medical doctors d/b/a Smith & Williams Clinic. Defendants are physicians in private practice at 527 N. 6th Street, Blytheville, Arkansas 72315.

3.   This is an action to redress discrimination the violation of the Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., specifically, the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e-(k), the Civil Rights Act of 1991 and the Civil Rights Act of 1993.

4.     Plaintiff was employed by Defendants, Ronald Smith, M.D. and John Williams, M.D., d/b/a Smith & Williams Clinic on November 15, 1998 as a transcriptionist.

5.     On January 6, 2000, Plaintiff went to her OB/GYN, Dr. John White in Blytheville, Arkansas, because she was pregnant.

6.     Dr. White gave Plaintiff a note stating that she could continue working as long as she did the typing at home because of her pregnancy.

7.     One other employee, Terry Daley, had been allowed to type at her home rather than work in the office because of her language.

8.     Plaintiff presented Dr. White's note to the office manager, Ann Yankee, on January 7, 2000.

9.     Ms. Yankee immediately told the Plaintiff, "You can't have both," referring to her job and her child.

10.    Ms. Yankee refused to let the Plaintiff do her typing at home and told Plaintiff that she would have to draw unemployment.

11.    On January 12, 2000, Plaintiff provided Ms. Yankee with another note from her doctor stating that she could come back to work at the office as long as she did not stoop, bend or lift.

12.    After reviewing the doctor's note on January 12, 2000, Ms. Yankee told the Plaintiff, "I'm sorry, we do not have anything for you." "We have hired someone else to take your place."

13.    Ann Yankee was an employee of Defendants, Ronald Smith, M.D. and John Williams, M.D., d/b/a Smith & Williams Clinic, and the liability for her conduct is imputed to

Defendants, Ronald Smith, M.D. and John Williams, M.D., d/b/a Smith & Williams Clinic.

14. The discharge of the Plaintiff by Ann Yankee constitutes a tangible employment action.

15. As a result of her discharge and Defendants' actions described above, Plaintiff has suffered economic loss and hardship, including, but not limited to, loss of income and benefits associated with her employment.

16. The conduct described above constitutes a violation of the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e-(k).

17. The conduct described above constitutes discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

18. The conduct described above constitutes a violation of the Civil Rights Act of 1991 and the Civil Rights Act of 1993.

19. The conduct described above was willful.

WHEREFORE, Plaintiff prays the Court cause service to issue upon Defendants in this matter, and advance this case on the docket, order a speedy hearing, and on such hearing to this Court that it:

Enter a declaratory judgment declaring that the practices complained of herein are unlawful and violative of Title VII;

Immediately reinstate Plaintiff to her former position, or in lieu thereof award an appropriate time period of front pay so as to allow Plaintiff to obtain other employment with income and benefits comparable to those she would have enjoyed with Defendants;

Grant a judgment against Defendants, individually, as follows:

Award appropriate back-pay from the date of discharge to date of judgment, to include all benefits and interest;

Award Plaintiff compensatory damages in the amount of $150,000 and punitive damages in the amount of $150,000;

Award Plaintiff her costs and disbursements incurred in bringing this action, including a reasonable attorney's fee and prejudgment expenses and costs as provided by law;

Grant such other and further relief as is equitable and just.

### JURY TRIAL DEMANDED

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted,

KIMBERLY GRIGGS,
PLAINTIFF

By: *Larry J. Steele*
LARRY J. STEELE
Ark. Bar No. 78146
P.O. Box 561
Walnut Ridge, AR  72476-0561
(870) 886-5840

ATTORNEY FOR PLAINTIFF

# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

| To: Kimberly Griggs<br>307 S. MARJORIE<br>OSCEOLA, AR 72370 | From: E.E.O.C<br>Little Rock Area Office<br>425 W Capitol Suite 625<br>Little Rock AR 72201 |
|---|---|

☐ *On behalf of a person aggrieved whose identity is CONFIDENTIAL ( 29 C.F.R. 1601.7(a) )*

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 251A00436 | Mckinzie Riley, Inv | (501) 324-5469 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.
☐ Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.
☒ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.
☐ We cannot investigate your charge because it was not filed within the time limit required by law.
☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.
☐ While reasonable efforts were made to locate you, we were not able to do so.
☐ You had 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.
☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.
☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.
☐ Other *(briefly state)* _____

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be** filed **WITHIN 90 DAYS** of your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission

*Kay Klugh by MJR* (signature)

Kay Klugh, Director

DEC 0 5 2000
*(Date)*

Enclosure(s)

cc: SMITH & WILLIAMS CLINIC
527 N 6TH STREET
BLYTHEVILLE, AR 72315

LARRY STEELE, ATTORNEY (CP)
ATTORNEY AT LAW
P.O. BOX 561
WALNUT RIDGE, AR 72476